UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LAMONT KENNEDY,

    Plaintiff,

        v.                         CAUSE NO. 3:23-CV-373-DRL-JEM

MIAMI CORRECTIONAL FACILITY,

    Defendant.

OPINION AND ORDER

Brandon Lamont Kennedy, a prisoner without a lawyer, filed a complaint against Miami Correctional Facility, listing several instances in which he says correctional staff did not take appropriate steps to protect him from other inmates. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

This complaint cannot proceed as written. It is true that the Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, Mr. Kennedy does not name a defendant who could be held responsible for any failure to protect. Miami

Correctional Facility is a building, not a suable entity that can be held liable for constitutional violations under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Instead, Mr. Kennedy must name as defendants the correctional staff who were personally involved in the alleged constitutional violation. A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger. [Plaintiff] testified during his deposition that he told officers twice . . . that he was afraid for his life and he wanted to be transferred off the tier. . . . This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (citations and footnote omitted). The bare fact that an inmate was denied protective custody does not establish deliberate indifference. *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Additionally, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Nor does making a "mistake" or exercising "poor judgment"

2

satisfy the deliberate indifference standard. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018). To proceed, Mr. Kennedy needs to identify who he told about his fears, what he told them, and what their response was.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Kennedy may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form that is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Brandon Lamont Kennedy until **August 28, 2023**, to file an amended complaint; and

(2) CAUTIONS Brandon Lamont Kennedy if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 31, 2023  *s/ Damon R. Leichty*
Judge, United States District Court